**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Sierra Whitfield, | |
| Plaintiff, | Case No. _____ |
| v. | |
| Evans Group, LLC d/b/a Compassionate Kinfolk | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, Sierra Whitfield, (hereinafter referred to as "Plaintiff"), by and through her attorneys, and files this Complaint, alleging as follows:

### NATURE OF THE ACTION

1. Plaintiff, initiates this action to redress violations of Evans Group, LLC d/b/a Compassionate Kinfolk ("Defendant") of the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201, *et seq.*), the and the Pennsylvania Minimum Wage Act ("PA MWA" – 43 P.S. §§ 333.101, *et seq.*).

### JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resided in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      This Court has supplemental jurisdiction over Plaintiff's Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with a primary residence located at 1411 North Allison Street, Philadelphia, PA 19131.

8.      Defendant is a Pennsylvania limited liability company with a regular place of business located at 3107 W. Diamond Street, Philadelphia, PA 19121.

## FACTUAL BACKGROUND

9.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10.     Plaintiff was hired by Defendant as a Home Health Aide in about 2017.

11.     At all times relevant herein, Plaintiff regularly worked in excess of forty (40) hours per week. For example, between May and September of 2020, Plaintiff worked as many as eighty-six (86) hours per week.

12.     During the latter months of 2020, Plaintiff worked about fifty-six (56) hours per week.

13.     Plaintiff's primary duties included generally taking care of patients and assisting said patients with day-to-day activities. Plaintiff was therefore a non-exempt employee entitled to overtime pay for all hours worked in excess of forty (40) hours per week.

14.     Although Plaintiff regularly worked in excess of forty (40) hours per week, and was a non-exempt employee, Defendant regularly failed to fully compensate Plaintiff in accordance with the required overtime hourly rate. Specifically, Plaintiff was compensated on an hourly basis for all hours worked.[1]

15.     On several occasions, Plaintiff complained to Defendant about the fact that she was not paid overtime. Plaintiff directed her complaints to Defendant's Owner, Greg Evans ("Mr. Evans") and Intake Specialist Claudia [Last Name Unknown].

16.     In response to Plaintiff's Complaints, Mr. Evans told Plaintiff that her could not pay her overtime, and instead gave her a nominal raise to her base salary (from $13.00 per hour to $14.50 per hour).

17.     To date, Plaintiff has not been fully compensated for her overtime work.

**Count I**
**Violations of the FLSA**
**(Failure to Pay Overtime)**

18.     The foregoing paragraphs are incorporated in their entirety as if set forth in full.

19.     Defendant is an employer as defined by the FLSA.

20.     At all times relevant herein, Plaintiff was an employee of Defendant as defined by the FLSA.

---

[1] Attached hereto as Exhibit A are copies of Plaintiff's pay stubs for December, 2020. As reflected therein, Plaintiff was not paid overtime even though she worked in excess of forty (40) hours per week, but instead, was paid her base hourly rate for all hours.

21.     Pursuant to the FLSA, all nonexempt employees must be paid at the rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a week.

22.     At all times relevant herein, Plaintiff's primary job duties were such that she does not qualify as an exempt employee under the FLSA.

23.     Defendant violated the FLSA insofar as Defendant failed to pay Plaintiff overtime wages as required by the FLSA for hours worked in excess of forty (40) hours per week.

24.     Defendant's failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the FLSA.

25.     Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of this Complaint because Defendant acted willfully and knew that its conduct was prohibited by the FLSA.

26.     Defendant lacks any good faith or reasonable grounds to believe that its failure to pay Plaintiff overtime was not a violation of the FLSA. Plaintiff is therefore entitled to recover liquidated damages as prescribed by the FLSA.

27.     The above actions constitute violations of the FLSA.

**Count II**
**Violations of the PA MWA**
**(Failure to Pay Overtime)**

28.     The foregoing paragraphs are incorporated in their entirety as if set forth in full.

29.     Defendant is an employer as defined by the PA MWA.

30.     Defendant violated the overtime provisions of the PA MWA insofar as Defendant failed to pay Plaintiff the requisite overtime wages for all hours worked in excess of forty (40) hours per week.

31.     Defendant violated the PA MWA by virtue of its failure to adequately inform Plaintiff of the applicable requirements of the PA MWA.

32.     Defendant's failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the PA MWA.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter an order that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions;

B.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, liquidated damages;

C.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

D.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

E.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.

**Law Office of Jonathan W. Chase**
PA ID: 312448
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 967-1544
(215) 967-1108 (Fax)
jwc@lawjwc.com

# EXHIBIT A

Evans Group LLC
Check Register for Multiple Periods spanning: 11/22/2020 - 01/02/2021
Sorted by: Department ID, Employee, Check Date and Check No. for 12/04/2020-01/15/2021  Emp ID: 146-146

EVANSG

| Employee ID SSN Name | Check Date & Number | Gross Pay Net Pay | Type | No | Description | Hours | Salary/ Wages/ Amount | Description | Amount | # Description | Amount | Dir Dep |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 146 ###-##-#### whitfield, Sierra | 12/04/2020 35651 | 812.00 628.01 | Reg | | Regular | 56.000 | 812.00 | Federal FICA State PA PAS001 State Other PAPHLW Philadelphia/RES PHILA-RES | 65.03 62.11 24.93 0.49 31.43 | | | N |
| 146 ###-##-#### whitfield, Sierra | 12/11/2020 35825 | 812.00 627.99 | Reg | | Regular | 56.000 | 812.00 | Federal FICA State PA PAS001 State Other PAPHLW Philadelphia/RES PHILA-RES | 65.03 62.13 24.93 0.49 31.43 | | | N |
| 146 ###-##-#### whitfield, Sierra | 12/18/2020 36002 | 812.00 628.02 | Reg | | Regular | 56.000 | 812.00 | Federal FICA State PA PAS001 State Other PAPHLW Philadelphia/RES PHILA-RES | 65.03 62.11 24.93 0.48 31.43 | | | N |
| 146 ###-##-#### whitfield, Sierra | 01/08/2021 36529 | 348.00 286.34 | Reg | | Regular | 24.000 | 348.00 | Federal FICA State PA PAS001 State Other PAPHLW Philadelphia/RES PHILA-RES | 10.67 26.63 10.68 0.21 13.47 | | | N |

Subtotal for Department ID 100

| (Employees) | Grs: 2784.00 Net: 2170.36 | Reg | Regular | 192.000 | 2784.00 | Federal FICA State PAS001 State Other PAPHLW Philadelphia/RES PHILA-RES | 205.76 212.98 85.47 1.67 107.76 |
|---|---|---|---|---|---|---|---|

Grand Totals

| | Grs: 2784.00 Net: 2170.36 | Reg | Regular | 192.000 | 2784.00 | Federal FICA State PAS001 State Other PAPHLW Philadelphia/RES PHILA-RES | 205.76 212.98 85.47 1.67 107.76 |
|---|---|---|---|---|---|---|---|

Prepared by Corporate Payroll Services.